**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |  |
|---|---|---|
| AT&T SERVICES, INC., and AT&T MOBILITY LLC | § § § § | |
| Plaintiffs, | § § | Case No. 3:25-cv-03279-S |
| v. | § § | **JURY TRIAL DEMANDED** |
| T-MOBILE US INC., | § § § | |
| Defendant. | § § | |

**APPENDIX TO**

**AT&T'S REPLY BRIEF IN SUPPORT OF ITS MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

| No. | Document Description | Page Nos. |
|---|---|---|
| A | Declaration of Timothy S. Durst | RAPPX001-RAPPX004 |
| A-1 | Email thread to Hallie Levin from Timothy Durst dated Nov. 29 and 30, 2025 | RAPPX005-RAPPX009 |
| A-2 | Email to Judge Scholer's Chambers from Timothy Durst dated Nov. 30, 2025, and attaching proposed Temporary Restraining Order | RAPPX010-RAPPX015 |
| A-3 | Email to Judge Scholer's Chambers and Timothy Durst from Hallie Levin dated Nov. 30, 2025 | RAPPX016-RAPPX017 |
| A-4 | T-Mobile's press release, https://www.t-mobile.com/news/un-carrier/5-quick-tips-for-how-to-switch-to-t-mobile | RAPPX018-RAPPX025 |
| A-5 | Email thread from Hallie Levin to Timothy Durst dated Dec. 5 through Dec. 8, 2025 | RAPPX026-RAPPX030 |
| A-6 | Email from Timothy Durst to Hallie Levin, dated Dec. 11, 2025, and attaching letter and proposed stipulation | RAPPX031-RAPPX038 |
| A-7 | Email from Hallie Levin to Timothy Durst, dated Dec. 11, 2025, attaching letter | RAPPX039-RAPPX042 |
| A-8 | AT&T v. T-Mobile Communication Timeline | RAPPX043-RAPPX046 |

Dated:  December 12, 2025

O'MELVENY & MYERS LLP

By:    */s/ Timothy S. Durst*    _____

TIMOTHY S. DURST (TX #00786924)
tdurst@omm.com
SID MODY (TX #24072791)
smody@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX  75201
Telephone:    +1 972 360 1900

RANDALL W. EDWARDS (admitted *pro hac vice*)
redwards@omm.com
MARK LIANG (admitted *pro hac vice*)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700

REEMA SHAH (admitted *pro hac vice*)
rshah@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas 17th FL
New York, NY 10019-6022
Telephone:    +1 212 326 2000

*Attorneys for Plaintiffs AT&T SERVICES, INC. and AT&T MOBILITY LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2025, a copy of the foregoing was served on counsel of record via electronic filing in accordance with the U.S. District Court, Northern District of Texas Procedures for Electronic Filing

<u>/s/ Timothy S. Durst</u>

# EXHIBIT A

RAPPX001

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| AT&T SERVICES, INC., and AT&T MOBILITY LLC, | Case No. 3:25-cv-03279-S |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| T-MOBILE US INC., | |
| Defendant. | |

**DECLARATION OF TIMOTHY S. DURST
IN SUPPORT OF AT&T'S INJUNCTION REPLY BRIEF**

I, Timothy S. Durst, hereby declare:

1.      I am over 18 years of age, have never been convicted of a felony and am of sound mind. The facts set forth in this declaration are based upon my personal knowledge, matters from the public domain that were collected by persons working under my supervision, and email communications I have personally reviewed or to which I am a party, and all of these facts are true.

2.      I am a partner at O'Melveny & Myers, LLP and my office is located at 2801 North Harwood Street, Suite 1600, Dallas, Texas 75201. O'Melveny is counsel for Plaintiffs AT&T Services, Inc. and AT&T Mobility LLC (collectively "Plaintiffs" or "AT&T"). I am a member of the bar of the State of Texas and of this Court.

3.      On Sunday, November 30, Ms. Hallie Levin, T-Mobile's counsel at WilmerHale, replied to my email from earlier that day, and said T-Mobile would be in touch after reviewing the TRO filing. True and correct copies of these emails are attached as Exhibit A-1.

RAPPX002

4.      Later on Sunday, November 30, I emailed Chambers and Ms. Levin.  A proposed order was attached to my email.  True and correct copies of my email and proposed order are attached here as Exhibit A-2.  On the evening of Sunday, November 30, Ms. Levin replied to that email with a message to Chambers and all counsel.  A true and correct copy of that email is attached as Exhibit A-3.

5.      On Monday, December 1, T-Mobile issued a press release for its "Switching Made Easy" tool.  T-Mobile's press release stated among other things: "In the T-Life App, select 'Start your switch—become a T-Mobile member today' to begin.  Then, pick Easy Switch and select your current carrier.  You'll need to log into your account with Verizon or AT&T via T-Life, so have your login information ready."  (RAppx020) (emphasis added).  Attached as Exhibit A-4 is a true and correct copy of T-Mobile's December 1, 2025 Press Release, which was accessed and downloaded from T-Mobile's website (https://www.t-mobile.com/news/un-carrier/5-quick-tips-for-how-to-switch-to-t-mobile) on December 12, 2025.

6.      On the afternoon of Friday, December 5, Ms. Levin and Ari Holtzblatt for T-Mobile, and Sid Mody and I for AT&T spoke by phone.  In that call, Ms. Levin said T-Mobile does not plan to reenable the original Easy Switch functionality.  I asked if T-Mobile would agree to an injunction against such use.  We did not reach agreement.  Following the call, I contacted Ms. Levin by email.  On the evening of Saturday, December 6, Ms. Levin replied.  On Monday, December 8, I replied to Ms. Levin, who responded later that evening.  True and accurate copies of these four emails are attached as Exhibit A-5.

7.      On the afternoon of Tuesday, December 9, Ms. Levin and I spoke again by phone.  I conveyed to her AT&T's request that T-Mobile commit in an enforceable way to not resuming use of a data-scaping tool on AT&T's systems.

8.      On Thursday, December 11, I contacted Ms. Levin by way of email and attached a letter and proposed stipulation.  True and correct copies of the email, letter and proposed stipulation are attached as Exhibit A-6.

9.      On the evening of Thursday, December 11, Ms. Levin replied by way of email and attached a letter.  True and correct copies of Ms. Levin's email and letter are attached as Exhibit A-7.

10.     Attached as Exhibit A-8 is a chronological listing of the various correspondence between AT&T and T-Mobile as set out in this Appendix and the Appendix filed with AT&T's Motion on November 30.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on December 12, 2025 in Dallas, Texas.

_____

Timothy S. Durst

# EXHIBIT A-1

RAPPX005

**From:** Durst, Timothy S. <tdurst@omm.com>
**Sent:** Sunday, November 30, 2025 4:07:46 PM
**To:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Cc:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Andres Correa <acorrea@lynnllp.com>; Jared
Eisenberg <jeisenberg@lynnllp.com>; Edwards, Randall W. <redwards@omm.com>; Mody, Sid
<smody@omm.com>; Liang, Mark <mliang@omm.com>; Shah, Reema <rshah@omm.com>;
Vanderslice, Paul T <Paul.Vanderslice@wilmerhale.com>
**Subject:** Re: AT&T/T-Mobile

Hallie — our papers were filed and copies have been sent to your team.  Let me know if you
have any questions or would like to discuss.

I plan to email our proposed order to Judge Scholer's chambers shortly, with a copy to your
team.  In that email, I will tell her that T-Mobile is reviewing and considering our request for
relief; I believe she prefers knowing if the parties are attempting to resolve issues
themselves.  I also will report to Chambers that I will call the Court tomorrow at about 9 am
to inquire about hearing our TRO request.

Two items for you: (1) let me know if you have any objection to my message about T-
Mobile's review; (2) you are invited to join me for the call to Chambers -- let me know if you
would like to be on the line with me.

Tim


# O'Melveny

**Timothy S. Durst**
*Partner*
tdurst@omm.com
O: +1-972-360-1923
M: +1-214-418-3908

O'Melveny & Myers LLP
2801 N. Harwood Street, Suite 1600
Dallas, TX  75201
Website | LinkedIn

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may
be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this
information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and
then delete this message.*

**From:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Sent:** Sunday, November 30, 2025 2:08 PM
**To:** Durst, Timothy S. <tdurst@omm.com>

**Cc:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Andres Correa <acorrea@lynnllp.com>; Jared Eisenberg <jeisenberg@lynnllp.com>; Edwards, Randall W. <redwards@omm.com>; Mody, Sid <smody@omm.com>; Liang, Mark <mliang@omm.com>; Shah, Reema <rshah@omm.com>; Vanderslice, Paul T <Paul.Vanderslice@wilmerhale.com>
**Subject:** RE: AT&T/T-Mobile

Dear OMM Team,
It's good to meet you and thanks for the information below.  We'll be touch after we review your filing.  Please email a courtesy copy once it hits the docket so we have notice.
Kind regards,
Hallie

**Hallie B. Levin | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6710 (t)
+1 212 230 8888 (f)
hallie.levin@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Durst, Timothy S. <tdurst@omm.com>
**Sent:** Saturday, November 29, 2025 7:55 PM
**To:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Cc:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Andres Correa <acorrea@lynnllp.com>; Jared Eisenberg <jeisenberg@lynnllp.com>; Edwards, Randall W. <redwards@omm.com>; Mody, Sid <smody@omm.com>; Liang, Mark <mliang@omm.com>; Shah, Reema <rshah@omm.com>
**Subject:** RE: AT&T/T-Mobile

**EXTERNAL SENDER**

Hallie – nice to meet you and Ari by email, and thanks for responding to my outreaches to Mr. Hodder.  Hello, Andres and Jared.  I'm adding some of my O'Melveny colleagues to this email string.

We are planning to file a motion tomorrow requesting a TRO, and then on Monday morning contacting Judge Scholer's chambers to request prompt consideration of the motion.

This is the relief we will be requesting:

IT IS ORDERED that T-Mobile and its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them are enjoined from:

a.   Using the "Switching Made Easy" feature of the T-Life app or any other automated means to access, attempt to access, or provide a means for others to access AT&T's computer systems or websites without authorization from AT&T.

b.   Asking, instructing, assisting, or providing a means for AT&T customers to log into their AT&T accounts through T Life app or otherwise use their accounts in a way that would provide T-Mobile (or its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them) access to obtain information from AT&T's protected computer systems or websites without AT&T's authorization;

c.   Using automated means to access, attempt to access, or provide a means for others to access AT&T's computer systems or websites to obtain information in excess of AT&T's authorization.

Please review this and consider whether there is room for agreement.  I'm available tomorrow morning to discuss this requested relief and logistics with respect to the Court's consideration of the motion.  Please let me know what would be a good time to discuss in the morning.

Thanks much.

Tim

RAPPX008

## O'Melveny

**Timothy S. Durst**
*Partner*
tdurst@omm.com
O: +1-972-360-1923
M: +1-214-418-3908

---

**From:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Sent:** Saturday, November 29, 2025 4:08 PM
**To:** Durst, Timothy S. <tdurst@omm.com>
**Cc:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Andres Correa <acorrea@lynnllp.com>; Jared Eisenberg <jeisenberg@lynnllp.com>
**Subject:** AT&T/T-Mobile

Dear Mr. Durst,
We are in receipt of your emails to Broady Hodder.  We and Lynn Pinker Hurst & Schwegmann will be representing T-Mobile in connection with this litigation.  Can you please provide us with more specific information about the relief you are intending to seek, including any order you plan to submit to the Court?  If you would send us a service waiver form we expect that T-Mobile will be willing to waive.
Happy Thanksgiving.
Kind regards,
Hallie

**Hallie B. Levin | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6710 (t)
+1 212 230 8888 (f)
hallie.levin@wilmerhale.com

 **One Firm. One Legacy.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at https://www.wilmerhale.com.

# EXHIBIT A-2

RAPPX010

| | |
|---|---|
| **From:** | Durst, Timothy S. |
| **Sent:** | Sunday, November 30, 2025 4:42 PM |
| **To:** | Scholer_Chambers@txnd.uscourts.gov |
| **Cc:** | Levin, Hallie B.; Holtzblatt, Ari; Andres Correa; jeisenberg@lynnllp.com; #OMM-AT&T-T-Mobile |
| **Subject:** | AT&T vs. T-Mobile, 3:25-cv-03279-S; proposed temporary restraining order |
| **Attachments:** | 2025-11-30 Proposed TRO.docx |

Judge Scholer and Chambers – earlier today, on behalf of AT&T, we filed a motion for temporary restraining order in this case, seeking to enjoy T-Mobile from launching a program designed to scrap customer and other data from AT&T's computer systems.  T-Mobile has announced it will launch the program tomorrow, December 1.  Attached is a copy of AT&T's proposed order in Word format.

Last week and over the weekend, we have communicated with T-Mobile's in-house counsel and their outside counsel (who are copied on this email).  On Saturday and again today, T-Mobile's counsel told us T-Mobile is reviewing AT&T's request that T-Mobile agree to the relief requested in the TRO.  That is the latest we have heard from T-Mobile.

I will try to contact Chambers by phone on Monday morning and I have invited T-Mobile's counsel to join me for that call, to inquire as to the Court's preferences on hearing AT&T's request for emergency injunctive relief.

Thanks in advance for the Court's attention to this matter.

Tim Durst

## O'Melveny

**Timothy S. Durst**
*Partner*
tdurst@omm.com
O: +1-972-360-1923
M: +1-214-418-3908

———————————————

O'Melveny & Myers LLP
2801 N. Harwood Street, Suite 1600
Dallas, TX  75201
Website | LinkedIn

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

RAPPX011

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

AT&T SERVICES, INC., and
AT&T MOBILITY LLC

                Plaintiffs,

      v.

T-MOBILE US INC.,

                Defendant.

Case No. 3:25-cv-03279-S

## [PROPOSED] TEMPORARY RESTRAINING ORDER

This matter came before the Court on the Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiffs AT&T Services, Inc. and AT&T Mobility LLC (collectively, "AT&T").  After reviewing the Motion and papers filed in support and opposition to the Motion, and the record in this case, the Court finds:

1.      AT&T seeks to restrain and enjoin the defendant T-Mobile US Inc. ("T-Mobile"), its officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with them from accessing, attempting to access, or asking, instructing, assisting, or providing a means for others to access or attempt to access AT&T's protected computer systems in breach of contract with AT&T and constituting tortious interference with AT&T's existing contracts with its customers, and in violation of: Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*; Texas Harmful Access by Computer Act, TEX. CIV. PRAC. & REM. CODE 143.001; Comprehensive Computer Data Access and Fraud Act, Cal. Penal Code §§ 502 *et seq.*; and Georgia Computer Systems Protection Act, O.C.G.A. § 16-9-93.

RAPPX012

2.      AT&T provided notice to T-Mobile that it would be moving for this TRO and conferred with T-Mobile's counsel before filing, but the parties did not reach agreement on the requested relief.

3.      AT&T provided detailed support for its request in its filings—including its Complaint, Motion for a Temporary Restraining Order and Preliminary Injunction and Brief in Support thereof, the Declarations of Manoj Abraham, Nida Kia, and Timothy Durst, and the exhibits contained in the Appendix in Support of AT&T's Motion.

4.      Based on this evidence and these legal arguments, AT&T is clearly likely to succeed on the merits of its claims.  T-Mobile's actual and threatened employment of tools that access and scrape AT&T's protected computer systems was not authorized by AT&T.  T-Mobile's acts have interfered with AT&T's right to control its computer systems and data, as well as to incur costs to investigate, prevent, and mitigate T-Mobile's unauthorized acts.  T-Mobile's actual and threatened employment of these tools towards AT&T's websites also violates AT&T's Terms of Use and interferes with AT&T's contractual relations with AT&T's customers.

5.      AT&T has and will incur immediate, irreparable harm if a temporary restraining order is not issued.  It is well recognized that interference with an entity's right to control of its computer systems and data, as well as harm to a business' reputation and customer goodwill, constitutes irreparable harm.  *See Fla. Atl. Univ. Bd. of Trs. v. Parsont*, 465 F. Supp. 3d 1279, 1296 (S.D. Fla. 2020); *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1056 (5th Cir. 1997)).

6.      The Court further finds that the balance of equities favors granting a temporary restraining order.  There is no burden imposed by an injunction to refrain from further violating the law, and even if T-Mobile later showed they lawfully accessed AT&T's websites, any

RAPPX013

hardship in ceasing that activity is minimal especially given T-Mobile's demonstrated capability to temporarily cease scraping activity. *See DISH Network L.L.C. v. Khalid*, No. CV H-19-4563, 2021 WL 765709, at *8 (S.D. Tex. Feb. 23, 2021).

7.    The enforcement of state and federal laws, as well as contractual obligations, always serves the public interest. *See TotalcareHealthcare Servs., LLC v. Totalmd, LLC*, 643 F. Supp. 3d 636, 650 (N.D. Tex. 2022); *Corp. Relocation, Inc. v. Martin*, No. 3:06-CV-232-L,2006 WL 4101944, at *18 (N.D. Tex. Sept. 12, 2006). Thus, this TRO will serve the public interest.

Therefore, for the reasons stated above and on the record,

IT IS ORDERED that T-Mobile and its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them are enjoined from:

a.    Using the "Switching Made Easy" feature of the T-Life app or any other automated means to access, attempt to access, or provide a means for others to access AT&T's computer systems or websites without authorization from AT&T;

b.    Asking, instructing, assisting, or providing a means for AT&T customers to log into their AT&T accounts through T Life app or otherwise use their accounts in a way that would provide T-Mobile (or its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them) access to obtain information from AT&T's protected computer systems or websites without AT&T's authorization; and

RAPPX014

c.      Using automated means to access, attempt to access, or provide a means for
others to access AT&T's computer systems or websites to obtain information in
excess of AT&T's authorization.

IT IS FURTHER ORDERED that this cause shall be set for a preliminary injunction
hearing on December _____, 2025 in this Court.

This TRO is issued on the condition that a bond be filed by AT&T on or before
December _____, 2025, in the sum of $_____, and that T-Mobile shall recover from AT&T
under that bond all costs and damages, if any, suffered by them in the event that AT&T does not
succeed in this action.


SO ORDERED at _____ o'clock, this _____ day of December, 2025.




_____
**HON. KAREN SCHOLER**
**United States District Judge**

4

RAPPX015

# EXHIBIT A-3

RAPPX016

| | |
|---|---|
| **From:** | Levin, Hallie B. <Hallie.Levin@wilmerhale.com> |
| **Sent:** | Sunday, November 30, 2025 9:34 PM |
| **To:** | Durst, Timothy S.; Scholer_Chambers@txnd.uscourts.gov |
| **Cc:** | Holtzblatt, Ari; Andres Correa; jeisenberg@lynnllp.com; #OMM-AT&T-T-Mobile |
| **Subject:** | RE: AT&T vs. T-Mobile, 3:25-cv-03279-S; proposed temporary restraining order |
| **Attachments:** | 2025-11-30 T-Mobile (Dkt No. 12) Notice of Intent to Oppose Motion for TRO and Preliminary Injunction and Req for Briefing Schedule.pdf |

Dear Judge Scholer and Chambers:

On behalf of Defendant T-Mobile US, Inc., we write to advise the Court that this evening T-Mobile filed a notice of intent to oppose AT&T's motion for a temporary restraining order, which is attached for the Court's convenience, and proposes that T-Mobile file its opposition brief on Monday, December 8, 2025.

Contrary to Mr. Durst's assertion in his email below, the feature challenged in AT&T's motion is a tool called "Easy Switch," which allows prospective T-Mobile customers to use their own current wireless plan information to comparison shop for competing wireless plans from T-Mobile, as described in T-Mobile's notice—not a "program designed to scrap [sic] customer and other data" from AT&T. T-Mobile launched an initial version of this feature on November 20, 2025 and the contention that it is "launch[ing]" on December 1 is not accurate, as AT&T's own motion papers make clear.

As explained in T-Mobile's notice, T-Mobile respectfully requests the opportunity to submit its opposition papers on Monday, December 8. We will join Mr. Durst's call to Chambers tomorrow morning at 9 am.

Respectfully submitted,

Hallie Levin

**Hallie B. Levin | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6710 (t)
+1 212 230 8888 (f)
hallie.levin@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

RAPPX017

# EXHIBIT A-4

RAPPX018

WIRELESS    BUSINESS    PREPAID    TV    BANKING    INTERNET

**T**    Our Story    Responsibility    Newsroom    Investors    Careers    My Account ⌄

NEWSROOM    Network    Devices    Un-carrier    Community    Offers    Business    English ⌄

UN-CARRIER    STORY

# 5 Quick Tips for How to Switch to T-Mobile

By T-Mobile Stories    |    December 01, 2025

The Un-carrier is making the process faster, easier and more personalized with Switching Made Easy, so that anyone can switch through T-Life in 15 minutes



4 min read    ▶ Listen





Ordering dinner via DoorDash. Booking a Hilton stay. And now, switching to T-Mobile. The common thread? You can do them all in just 15 minutes and from your couch.

As T-Mobile CEO Srini Gopalan announced in Las Vegas, switching wireless providers was an outdated, confusing and complex process that took people an average of 3 hours. Now, making the move to America's Best Network isn't just easier, it's finally better — fully online, anytime through T-Life. Plus, switchers get more flexibility with the option to save their phone upgrades for later and select same-day delivery once they're ready.

It's never been easier to get the best plan for your needs, pick a new phone and keep your number — and you can do it all on your terms, no trade-offs or compromises. Refreshing, isn't it?

RAPPX019


delivery once they're ready.

It's never been easier to get the best plan for your needs, pick a new phone and keep your number — and you can do it all on your terms, no trade-offs or compromises. Refreshing, isn't it?

Here's how to join America's Best Network in five easy steps.

## Step 1: Start your switch



In the T-Life app, select "Start your switch — become a T-Mobile member today" to begin. Then, pick Easy Switch and select your current carrier. You'll need to log into your account with Verizon or AT&T via T-Life, so have your login information ready.

## Step 2: Review your plan








### Step 2: Review your plan



Next, review the T-Mobile plan recommendations. You'll be able to compare costs and value with your current carrier plan.*

### Step 3: Pick a phone



RAPPX021









Then, you'll have the option to keep your current phone or pick a promotion for a new one, like the iPhone 17 Pro, or choose to pick a promotion later, any time in the next 90 days after you switch. You can also add any additional devices, accessories, home internet and Protection 360.

If you choose to get a new device, have your IMEI number (aka your phone's unique code that can be found in the Settings menu under "About") ready so you can confirm your current device's trade-in value.

Then, choose when you'd like to receive your new device, knowing same-day delivery with DoorDash Drive and same-day in-store pickup might be available in major cities across the U.S. — no more having to wait days to get the latest devices and accessories. In this section, confirm your phone number so you can keep it.*

## Step 4: Confirm your cart



RAPPX022







Ready to join T-Mobile? It's time to check out. Your cart will show the lines you're bringing over to T-Mobile, as well as the plan and new devices for each one. After you confirm everything looks good, you'll be able to choose the time you want your device(s) delivered. Then, create an account PIN so you can verify your identity when contacting T-Mobile.

## Step 5: Welcome to America's Best Network









You've done the hard work. Now it's time to relax and experience the world of perks that come with being a T-Mobile member. From day one, you get Magenta Status, packed with exclusive benefits just for choosing T-Mobile. Members on our best plans can enjoy Hulu and Netflix on Us, free in-flight Wi-Fi, free texting over 215 countries and destinations, deals on hotels and rental cars and exclusive ticket access at thousands of concerts and festivals nationwide. Not to mention weekly goodies through T-Mobile Tuesdays.

Visit T-Life to switch on your terms and see what the best network, best value and best experience in wireless is all about.

*You will need to repeat this step for each line you bring over to T-Mobile.

**Best Network:** Based on analysis by Ookla of Speedtest Intelligence® data 1H 2025. Ookla trademarks used under license and reprinted with permission. **Best value:** T-Mobile has the best benefits in wireless based on the value of benefits included with T-Mobile plans, like entertainment, travel perks, and T-Mobile Tuesdays. Benefits vary by plan and may require activation; see T-Mobile.com/switch for details. **Best experience:** Based on T-Mobile's award-winning network & customer service, plus exclusive access and perks built into our plans. **15 minutes:** Check out in 15 minutes or less per line. Device activation, data & number transfer will take additional time. **Same-Day Delivery:** Available for most customers, see if it's an option during checkout. **New Phone? Your Choice:** Limited time; subject to change. Qualifying port-in required. After you join, you have 90 days to pick from available offers, which can end at any time. Get details and redeem in the T-Life app.

Tags    Consumer    Devices    T-Life

## Related Stories

MORE STORIES



UN-CARRIER    PRESS RELEASE

**T-Mobile Marks $20M Milestone in Hometown Grants, Reaching 450 Communities**



NETWORK    BLOG

**5G RedCap: Powering Smart Devices with Smarter 5G**



COMMUNITY    STORY

**Home or Away, Holiday Travel Is Better With T-Mobile**



UN-CARRIER    PRESS RELEASE

**Meet Your New Magenta BFF: T-Mobile and Baby Three Release Limited-Edition Plush Collab**

RAPPX024




number transfer will take additional time. **Same-Day Delivery:** Available for most customers, see if it's an option during checkout. **New Phone? Your Choice:** Limited time; subject to change. Qualifying port-in required. After you join, you have 90 days to pick from available offers, which can end at any time. Get details and redeem in the T-Life app.

Tags   Consumer   Devices   T-Life

## Related Stories

MORE STORIES



**UN-CARRIER**   PRESS RELEASE

**T-Mobile Marks $20M Milestone in Hometown Grants, Reaching 450 Communities**

December 11, 2025   |   8 min read



**NETWORK**   BLOG

**5G RedCap: Powering Smart Devices with Smarter 5G**

December 09, 2025   |   7 min read



**COMMUNITY**   STORY

**Home or Away, Holiday Travel Is Better With T-Mobile**

December 05, 2025   |   10 min read



**UN-CARRIER**   PRESS RELEASE

**Meet Your New Magenta BFF: T-Mobile and Baby Three Release Limited-Edition Plush Collab**

December 04, 2025   |   4 min read

### Connect with T-Mobile

   

English   Español

**Contact us**

Contact information

Check order status

View return policy

Get a rebate

Find a store

Trade-in program

**Support**

Device support

Questions about your bill

Plans & services

Activate your prepaid phone or device

Refill your prepaid account

International rates

**T-Mobile Wireless**

Cell phone plans

Cell phones

Phone & device deals

5G & 4G coverage map

How to switch

**T-Mobile for Business**

Business plans

Internet of Things



About   Investor relations   Press   Careers   Deutsche Telekom   Puerto Rico

Privacy Notice   Interest-based ads   Privacy Center   Consumer information   Public safety/911   Terms & conditions

Terms of use   Accessibility   Open Internet   Do Not Sell or Share My Personal Information   Consumer Health Data Privacy Policy

   

© 2024 T-Mobile USA, Inc.

T-Mobile, the T logo, Magenta and the magenta color are registered trademarks of Deutsche Telekom AG.

RAPPX025

# EXHIBIT A-5

RAPPX026

**From:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Sent:** Monday, December 8, 2025 6:15 PM
**To:** Durst, Timothy S. <tdurst@omm.com>
**Cc:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Mody, Sid <smody@omm.com>
**Subject:** RE: This afternoon's call

Hi Tim,

Thanks very much for taking time over the weekend to discuss our conversation with AT&T and for the considered thoughts you lay out in your note below.  As I hope you can appreciate, T-Mobile is not inclined to file factual admissions and representations with the Court along the lines described in your email and we will need to go forward with filing our opposition papers tonight.

I do hope that we can continue to discuss alternative paths with one another in the days leading up to the hearing on December 16  (and beyond that, as well).  Please reach out any time.  If anything changes in the mind of my client I will let you know.

Thanks,
Hallie

**Hallie B. Levin | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6710 (t)
+1 212 230 8888 (f)
hallie.levin@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Durst, Timothy S. <tdurst@omm.com>
**Sent:** Monday, December 8, 2025 11:06 AM
**To:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Cc:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Mody, Sid <smody@omm.com>
**Subject:** RE: This afternoon's call

**EXTERNAL SENDER**

Hallie – Beginning when you called Friday afternoon and continuing after I received your email Saturday afternoon, I have spent time over the weekend gathering thoughts from AT&T.  While I don't yet have AT&T sign-off off for this, I already can tell that to resolve AT&T's claims and for dismissal of the lawsuit, T-Mobile must represent to the Court in a publicly filed notice that:

1. At launch on November 20, 2025, T-Mobile's EasySwitch application accessed AT&T's computer systems in violation of AT&T's Terms of Use for its websites.
2. Thereafter, on November 26, 2025, T-Mobile removed the feature of the EasySwitch application that accessed AT&T's computer systems.
3. T-Mobile will not re-enable that functionality in the EasySwitch application (or in any other application, process, or tool that accesses AT&T's computer systems) without AT&T's consent.

Simply put, AT&T filed its lawsuit to obtain a judicial determination of the above, as well as determinations that T-Mobile's actions have violated the law.  To moot the request for injunctive relief as you request, T-Mobile would need to provide AT&T assurances similar to what a court order would provide, though I would not expect you to admit to violations of law.  In my mind, items 1-3 above should be sufficient.  In contrast, T-Mobile's qualified representation that it "does not intend" to revert to the original version of the Easy Switch application is meaningless.  T-Mobile has implemented at least three different ways to evade AT&T's security measures and, so far, continues to take the position that those actions were lawful.  This illusory proposal thus forces AT&T to bear the ongoing burden of monitoring whether T-Mobile changes its intent and re-launches the same or a similar tool that improperly and illegally accesses AT&T's systems.

This is the best I could do over the weekend, but I offer it in an attempt to be productive.  The first response I received from my client is that the better time to have had this conversation was two weeks ago, before T-Mobile forced AT&T to expend considerable effort and expense moving for a TRO/PI.  That struck me as a fair reaction.  I have not yet discussed with AT&T if it would expect a payment from T-Mobile for their expenses incurred to date, as that conversation would be premature if T-Mobile is not willing to provide assurances akin to what a court order would provide.

Please share this with your client and let me know T-Mobile's thoughts on next steps.

Tim


**O'Melveny**

**Timothy S. Durst**
*Partner*
tdurst@omm.com
O: +1-972-360-1923
M: +1-214-418-3908

RAPPX028

**From:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Sent:** Saturday, December 6, 2025 3:55 PM
**To:** Durst, Timothy S. <tdurst@omm.com>
**Cc:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Mody, Sid <smody@omm.com>
**Subject:** RE: This afternoon's call

Hi Tim,

Thanks to you, as well, for the conversation yesterday.  We would envision T-Mobile sending a letter to the Court, copying you, saying, in substance, the following:

> "T-Mobile is not operating the version of Easy Switch that launched on November 20, 2025 about which AT&T complains in its motion for a temporary restraining order and preliminary injunction, and T-Mobile does not intend to reenable it.  Accordingly, we understand that AT&T is withdrawing its motion for a temporary restraining order and preliminary injunction without prejudice, and the parties need not burden the Court with further briefing or a hearing on AT&T's motion."

Please let us know your thinking on this.

Thanks, Hallie

**Hallie B. Levin | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6710 (t)
+1 212 230 8888 (f)
hallie.levin@wilmerhale.com

**Please consider the environment before printing this email.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Durst, Timothy S. <tdurst@omm.com>
**Sent:** Friday, December 5, 2025 5:17 PM
**To:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Cc:** Holtzblatt, Ari <Ari.Holtzblatt@wilmerhale.com>; Mody, Sid <smody@omm.com>
**Subject:** This afternoon's call

**EXTERNAL SENDER**

Hallie -- thank you for the call this afternoon about T-Mobile's plan not to resume use of the data scrapping tool. I've begun the process of alerting the right people at AT&T to T-Mobile's proposal. To help my process along, and to give AT&T something tangible to react to, please send to me a written proposal about what representation T-Mobile is willing to make to the Court and to AT&T about not resuming use of the tool and any thoughts you have on how that representation would be made.

I'll get with the client on the request for an extension of time to answer and will get back to you next week on that.

Thanks.

Tim

## O'Melveny

**Timothy S. Durst**
*Partner*
tdurst@omm.com
O: +1-972-360-1923
M: +1-214-418-3908

O'Melveny & Myers LLP
2801 N. Harwood Street, Suite 1600
Dallas, TX 75201
Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

RAPPX030

# EXHIBIT A-6

RAPPX031

**From:** Durst, Timothy S. <tdurst@omm.com>
**Sent:** Thursday, December 11, 2025 9:53 AM
**To:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Subject:** AT&T vs. T-Mobile; follow-up to Tuesday call

<mark>EXTERNAL SENDER</mark>

Hallie -- I haven't heard back from you since our call Tuesday, so this is to follow-up. As you know, we're scheduled to file our reply brief tomorrow.

T-Mobile's position apparently continues to be that it "does not intend" to revert to the original version of the Easy Switch application. In our call on Tuesday, I flagged for you that AT&T's concerns include the "intend" language (intentions can change at any time) and the "original version" language (because T-Mobile can and already has tweaked the original version several times). I was hoping that T-Mobile would have authorized you to respond with something to address these concerns.

Having not heard back from you, I've gotten authority to make an offer from AT&T to address these concerns. Attached is my letter and offer of a stipulation to resolve the pending injunction request.

Thanks much. Please let me know T-Mobile's position on the proposed stipulation.

Tim


## O'Melveny

**Timothy S. Durst**
*Partner*
tdurst@omm.com
O: +1-972-360-1923
M: +1-214-418-3908

O'Melveny & Myers LLP
2801 N. Harwood Street, Suite 1600
Dallas, TX 75201
Website | LinkedIn

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

RAPPX032

**O'Melveny**

O'Melveny & Myers LLP
2801 North Harwood Street
Suite 1600
Dallas, TX 75201-2692

T: +1 972 360 1900
F: +1 972 360 1901
omm.com

File Number:

December 11, 2025

**Timothy S. Durst**
D: +1 972 360 1923
tdurst@omm.com

Hallie B. Levin
Hallie.Levin@wilmerhale.com
WILMERHALE
7 World Trade Center
250 Greenwich Street
New York, NY 10007

Re:     *AT&T Services, Inc., AT&T Mobility LLC v. T-Mobile US Inc.,* Case No. 3:25-cv-035279-S (N.D. Tex.)

Dear Hallie:

We have reviewed T-Mobile's Brief in Opposition to AT&T's Motion for a Temporary Restraining Order and Preliminary Injunction.  It will not surprise you that we disagree with the characterization of the facts and unprecedented interpretation of the law.

In the Brief, T-Mobile represents unequivocally that:

(i)     the data scraping functionality that was central to the original version of the Easy Switch feature was disabled after T-Mobile received AT&T's cease-and-desist letter; and

(ii)    T-Mobile "does not intend" to revert to the original version of Easy Switch.

Based on these representations, I am attaching a proposed stipulation that would avoid the expense of litigating AT&T's Motion, as well as the burden on the Court's limited resources.   The proposed stipulation simply confirms what T-Mobile has already represented in its Brief—that it does not intend to restore the data scraping functionality that it has disabled—and it provides AT&T the assurance that no such functionality will be restored without T-Mobile returning to the Court to obtain the Court's permission.

AT&T is confident in its Motion, and we are fully prepared to go forward with next week's hearing.  Nevertheless, out of respect for the Court's resources and to avoid unnecessary legal fees, AT&T has authorized me to offer this stipulation to be filed among the papers in this case.  If T-Mobile is unwilling to agree to it, AT&T will bear the burden of monitoring whether T-Mobile turns the feature back on again, and the Court will have significant reason to question T-Mobile's intentions as represented in its Brief.

Austin • Century City • Dallas • Houston • Los Angeles • Newport Beach • New York • San Francisco • Silicon Valley • Washington, DC
Beijing • Brussels • Hong Kong • London • Seoul • Shanghai • Singapore • Tokyo

RAPPX033

Please advise of your position as soon as possible, as AT&T is incurring legal fees that, according to your Brief, are unnecessary.

Very truly yours,

Timothy S. Durst

RAPPX034

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| AT&T SERVICES, INC., and AT&T MOBILITY LLC, | Case No. 3:25-cv-03279-S |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| T-MOBILE US INC., | |
| Defendant. | |

**STIPULATION REGARDING
AT&T'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Plaintiffs AT&T Services, Inc. and AT&T Mobility LLC (collectively, "AT&T") filed their Motion for Temporary Restraining Order and Preliminary Injunction on November 30, 2025 (the "Motion").   Defendant T-Mobile US Inc. has filed its response.  With respect to the Motion, the parties hereby stipulate as follows:

1. On November 20, 2025, T-Mobile announced that it had released to the public a beta version of "Easy Switch," a new feature in its T-Life mobile application.

2. On November 24, 2025, AT&T sent a cease and desist letter to T-Mobile relating to the Easy Switch feature.

3. On November 26, 2025, AT&T brought this lawsuit against T-Mobile, alleging that the Easy Switch feature launched on November 20 accessed AT&T's computer systems without its permission.

4. On the evening of November 26, 2025, T-Mobile changed the functionality of the Easy Switch application and removed the feature about which AT&T complains.

RAPPX035

5. The parties dispute the functionality of the Easy Switch application.

6. Nevertheless, during the pendency of this litigation, T-Mobile agrees that it will not revert to the original version of the Easy Switch application, or any substantially similar version of the Easy Switch application that accesses AT&T's computer systems, without permission of the Court.

7. With this stipulation, emergency, injunctive relief is no longer required, and AT&T withdraws its Motion.

It is so ORDERED.

SIGNED this _____ day of _____, 2025.

_____

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**

STIPULATED AND AGREED:


Dated:  December ___, 2025                    O'MELVENY & MYERS LLP


By:  _____

TIMOTHY S. DURST (TX #00786924)
tdurst@omm.com
SID MODY (TX #24072791)
smody@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX  75201
Telephone:    +1 972 360 1900

RANDALL W. EDWARDS (*pro hac vice*
pending)
redwards@omm.com
MARK LIANG (*pro hac vice* pending)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, California  94111-3823
Telephone:    +1 415 984 8700

REEMA SHAH (*pro hac vice* pending)
rshah@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas 17th FL
New York, NY 10019-6022
Telephone:    +1 212 326 2000

*Attorneys for Plaintiffs AT&T SERVICES,*
*INC. and AT&T MOBILITY LLC*

RAPPX037

STIPULATED AND AGREED:

Dated:  December ___, 2025

By:  _____

Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Hallie.Levin@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6947
Ari.Holtzblatt@wilmerhale.com

Andrés Correa
Jared Eisenberg
LYNN PINKER HURST &
SCHWEGMANN LLP
2100 Ross Avenue, Ste. 2700
Dallas, TX 75201
Telephone: (214) 981-3800
Acorrea@lynnllp.com
Jeisenberg@lynnllp.com

*Counsel for Defendant T-Mobile US, Inc.*

RAPPX038

# EXHIBIT A-7

**From:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Sent:** Thursday, December 11, 2025 6:08 PM
**To:** Durst, Timothy S. <tdurst@omm.com>
**Subject:** RE: AT&T vs. T-Mobile; follow-up to Tuesday call

Hi Tim,
Our response is attached. As I said, thank you for your efforts here.
Kind regards,
Hallie

**Hallie B. Levin | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6710 (t)
+1 212 230 8888 (f)
hallie.levin@wilmerhale.com

**Please consider the environment before printing this email.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at http://www.wilmerhale.com.

**From:** Durst, Timothy S. <tdurst@omm.com>
**Sent:** Thursday, December 11, 2025 9:53 AM
**To:** Levin, Hallie B. <Hallie.Levin@wilmerhale.com>
**Subject:** AT&T vs. T-Mobile; follow-up to Tuesday call

**EXTERNAL SENDER**

Hallie -- I haven't heard back from you since our call Tuesday, so this is to follow-up. As you know, we're scheduled to file our reply brief tomorrow.

T-Mobile's position apparently continues to be that it "does not intend" to revert to the original version of the Easy Switch application. In our call on Tuesday, I flagged for you that AT&T's concerns include the "intend" language (intentions can change at any time) and the "original version" language (because T-Mobile can and already has tweaked the original version several times). I was hoping that T-Mobile would have authorized you to respond with something to address these concerns.

Having not heard back from you, I've gotten authority to make an offer from AT&T to address these concerns.  Attached is my letter and offer of a stipulation to resolve the pending injunction request.

Thanks much.  Please let me know T-Mobile's position on the proposed stipulation.

Tim

## O'Melveny

**Timothy S. Durst**

*Partner*

tdurst@omm.com

O: +1-972-360-1923

M: +1-214-418-3908

O'Melveny & Myers LLP

2801 N. Harwood Street, Suite 1600

Dallas, TX  75201

Website | LinkedIn

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

WILMERHALE

Hallie B. Levin

+1 212 295 6710 (t)
+1 212 230 8888 (f)
hallie.levin@wilmerhale.com

December 11, 2025

**BY EMAIL**

Timothy S. Durst, Esq.
O'Melveny & Meyers LLP
2801 North Harwood Street
Suite 1600
Dallas, Texas 75201-2692
tdurst@omm.com

Re:   *AT&T Services, Inc., AT&T Mobility LLC v. T-Mobile US, Inc.* Case No. 3:25-cv-035279-S (N.D. Tex.)

Dear Tim:

Thank you for the conversation on Tuesday afternoon and for following up with your correspondence and proposed Stipulated Temporary Restraining Order and Preliminary Injunction (the "Court Order") earlier today. While I appreciate the continuation of our dialogue, the proposed injunctive terms in the Court Order do not materially differ from the injunctive terms that AT&T proposed previously. As you know, T-Mobile does not believe that there is a basis for the issuance of any injunction—let alone one to which T-Mobile stipulates. In addition, T-Mobile cannot agree to the entry of the specific Court Order AT&T proposes; among other things, it is both exceptionally vague and contains a factual admission of "access" that T-Mobile disputes and to which it cannot stipulate.

Again, I appreciate your efforts.

Very truly yours,

Hallie B. Levin

RAPPX042

# EXHIBIT A-8

RAPPX043

## AT&T V. T-MOBILE COMMUNICATION TIMELINE

| | |
|---|---|
| **Nov. 24, 2025**<br>4:30pm | AT&T sends cease-and-desist letter informing T-Mobile of its unlawful activity and violations of AT&T's TOU, requesting they cease immediately. AT&T asked for a response by 5pm CT. Ex. C-1, C&D Letter (Appx045-49). |
| **Nov. 26, 2025**<br>5:03pm | AT&T files Complaint. Dkt. 1. |
| **Nov. 26, 2025**<br>6:24pm | T-Mobile responds to the CD letter and declines to disable the SME tool. It asserts that "there is no bot" and that the SME tool is "entirely lawful." Ex. C-2, Response to C&D letter (Appx051–052). |
| **Nov. 28, 2025**<br>7:45am | AT&T reaches out to T-Mobile to provide notice of Complaint filing and to open a line of communication regarding next steps in the litigation. Ex. C-6, Tim Durst Email to Broady Hodder (Appx103). |
| **Nov. 29, 2025**<br>12:44 pm | AT&T follows up with T-Mobile again seeking communication on "immediate action items" and providing notice that AT&T plans to file a motion for TRO. Ex. C-7, Tim Durst Follow Up Email to Broady Hodder (Appx106). |
| **Nov. 29, 2025**<br>4:08pm | T-Mobile's counsel, Hallie Levin of WilmerHale, acknowledges receipt of previous emails, and requests more specific information on the relief AT&T plans to seek. Ex. C-8, Email Thread to Hallie Levin (Appx110). |
| **Nov. 29, 2025**<br>7:55pm | AT&T replies to T-Mobile's counsel, providing the specific information regarding the relief sought. AT&T asks T-Mobile's counsel if there is "room for agreement" and making clear that AT&T is open to discuss. Ex. C-8, Email Thread to Hallie Levin (Appx109). |

1

| | |
|---|---|
| **Nov. 30, 2025**<br>12:08pm | T-Mobile's counsel replies, stating they will be in touch after reviewing the TRO filing. Ex. A-1, Ex. A-1, Nov. 29-30 Emails (RAppx007). |
| **Nov. 30, 2025**<br>3:10pm | AT&T files motion for temporary restraining order and preliminary injunction. Dkt. 7. |
| **Nov. 30, 2025**<br>4:07pm | AT&T reaches out to T-Mobile's counsel to inform them of TRO filing. Again, AT&T indicates its openness to discuss and communicate. AT&T shares plan to email Chambers with Proposed Order and invites T-Mobile's counsel to join on a call to Chambers. Ex. A-1, Nov. 29-30 Emails (RAppx006). |
| **Nov. 30, 2025**<br>6:42pm | AT&T emails Chambers, with T-Mobile's counsel copied, making the Court aware of the TRO filing and attaching a proposed order per Judge Scholer's specific requirements. Ex. A-2, AT&T Email to Chambers (RAppx011). |
| **Nov. 30, 2025**<br>11:34pm | T-Mobile's counsel replies to AT&T's email to Chambers, representing to Chambers that the SME bot does not scrape and that the "current version" only involves an AT&T customer uploading a PDF of their bill. Ex. A-3, T-Mobile Email to Chambers (RAppx017). |
| **Dec. 5, 2025**<br>2:30pm | AT&T and T-Mobile's counsel hold phone call to discuss T-Mobile's plan to not resume use of the data scraping tool. AT&T asks for agreed injunction to ensure no resumption. |
| **Dec. 6, 2025**<br>3:55pm | In an email exchange following the phone call, T-Mobile's counsel proposed that T-Mobile send a letter to the Court saying that T-Mobile is no longer operating the version of the data scraping tool that |

RAPPX045

| | |
|---|---|
| | launched on November 20, 2025, and T-Mobile does not intend to reenable it.  Ex. A-5, Dec. 5-8 Emails (RAppx029). |
| **Dec. 8, 2025**<br>11:06am | AT&T responds to T-Mobile's counsel stating that to secure dismissal of the lawsuit, T-Mobile needs to provide assurance that T-Mobile will not re-enable the scraping functionality in the SME tool without AT&T's consent. Ex. A-5, Dec. 5-8 Emails (RAppx028). |
| **Dec. 8, 2025**<br>6:15pm | T-Mobile's counsel replies that T-Mobile will not make AT&T's requested factual admissions or representations to the Court.  Ex. A-5, Dec. 5-8 Emails (RAppx027). |
| **Dec. 9, 2025**<br>2:32pm | AT&T speaks with T-Mobile's counsel over the phone asking for T-Mobile to offer certainty on not resuming data scraping. |
| **Dec. 11, 2025**<br>8:53am | AT&T follow up with T-Mobile's counsel via email seeking certainty and offering a stipulated Order to resolve the pending injunction.  Ex. A-6, Dec. 11 Email, Letter, and Proposed Stipulation (RAppx030-37).<br><br>At 6:08pm, T-Mobile declines.  Ex. A-7, T-Mobile Letter (RAppx042). |

3