## United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| AT&T SERVICES, INC., and AT&T MOBILITY LLC § § § § § § | CIVIL ACTION NO. 3:25-CV-3279-S |
| v. | |
| T-MOBILE US INC. | |

### TEMPORARY RESTRAINING ORDER

Before the Court is Plaintiffs AT&T Services, Inc., and AT&T Mobility LLC's Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") [ECF No. 7]. The Court has reviewed the Motion, Plaintiffs' Brief in Support of the Motion ("Brief") [ECF No. 7-1], Plaintiffs' Appendix to the Motion ("Appendix") [ECF No. 8], Defendant T-Mobile US Inc.'s Brief in Opposition to the Motion ("Response") [ECF No. 24], Defendant's Appendix to the Response ("Defendant's Appendix") [ECF No. 25], Plaintiffs' Reply Brief in Support of the Motion ("Reply") [ECF No. 28], Plaintiffs' Appendix to the Reply ("Reply Appendix") [ECF No. 28-1], the parties' arguments, representations, and admissions made at the hearing on the Motion, *see* Minute Entry for Dec. 16, 2025 [ECF No. 29]; Tr. of Dec. 16, 2025, Hr'g, ECF No. forthcoming, and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

The Court finds:

1. Plaintiffs AT&T Services, Inc., and AT&T Mobility LLC (collectively "AT&T") seek to restrain and enjoin Defendant T-Mobile US, Inc. ("T-Mobile"), its officers, agents, servants, employees, and attorneys and all other persons in active concert or participation with them from accessing, attempting to access, or asking, instructing, assisting, or providing a means for others to access or attempt to access AT&T's protected computer systems in breach of contract with AT&T and constituting tortious interference with AT&T's existing contracts with its customers,

and in violation of the Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*; Texas Harmful Access by Computer Act, TEX. PENAL CODE § 143.001; Comprehensive Computer Data Access and Fraud Act, CAL. PENAL CODE §§ 502 *et seq.*; and Georgia Computer Systems Protection Act, O.C.G.A. § 16-9-93, and in breach of contract with AT&T, in tortious interference with AT&T's existing contracts with its customers.

2. AT&T provided notice to T-Mobile that it would be moving for this temporary restraining order and conferred with T-Mobile's counsel before filing. The parties did not reach agreement on the requested relief.

3. AT&T provided support for the request, including the Complaint and Request for Injunctive Relief ("Complaint") [ECF No. 1], the Motion, the Declarations of Manoj Abraham, Nida Kia, and Timothy Durst, and the exhibits contained in the Appendix, the Reply, and the Reply Appendix. AT&T also relied upon certain materials filed by T-Mobile in its Response and Appendix.

4. AT&T is likely to succeed on the merits of one or more of its claims that: T-Mobile's employment of the "Easy Switch" tool announced on November 20, 2025—and the iterations that followed until the November 26, 2025, application change to PDF upload—accessed AT&T's protected computer systems without its authorization; T-Mobile's unauthorized access allowed it to obtain over 100 fields of private customer data from AT&T's servers for each affected customer and transmit that information back to T-Mobile's servers in violation of the Computer Fraud and Abuse Act, the Texas Harmful Access by Computer Act, the Comprehensive Computer Data Access and Fraud Act, and the Georgia Computer Systems Protection Act; in breach of contract with AT&T, and in tortious interference with AT&T's existing customer contracts.

5. AT&T has and will incur immediate, irreparable harm if a temporary restraining order is not issued. That irreparable harm "includes interference with an entity's right to control its computer systems and data as well as the harm to AT&T's reputation and customer goodwill as well as the privacy and information of the AT&T's customers." Tr. of Dec. 16, 2025, Hr'g, ECF No. forthcoming. Although T-Mobile deactivated the challenged version of the Easy Switch tool, it did so only because "AT&T was able to block it three times." *Id.* The threat of harm remains despite T-Mobile's deactivation of Easy Switch because, as T-Mobile represented on the record, it is T-Mobile's intent to retain the ability to "use something very similar [to the Easy Switch tool] that does the same thing but might be tweaked a little bit differently in the future." *Id.*

6. The balance of equities favors granting a temporary restraining order. The injunction imposes no burden on T-Mobile because it has, for now, ceased the conduct that AT&T opposes. T-Mobile stipulated that "during the pendency of this litigation, [it] agrees that it will not revert to the version of the Easy Switch application in operation between . . . November 20th and 26th, 2025, without permission of the Court." *Id.* And T-Mobile further represented to the Court that it has no present intention to re-launch a similar tool that "has someone log in to their account portal and grab their information." *Id.*

7. This temporary restraining order will serve the public interest. The enforcement of state and federal laws serves the public interest. *Totalcare Healthcare Servs., LLC v. TotalMD, LLC*, 643 F. Supp. 3d 636, 650 (N.D. Tex. 2022).

It is therefore **ORDERED** that T-Mobile and its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with them are enjoined from implementing the original version of the "Switching Made Easy" or "Easy Switch" feature of the T-Life application or any substantially similar version, product, or feature that accesses and

obtains data from AT&T's protected computer systems without permission of the Court. For the purposes of this Order, "substantially similar" means any new or modified version, product, or feature that accesses or obtains information from AT&T's protected computer systems.

The Court finds good cause to extend this temporary restraining order beyond 14 days, based on the Court's and the parties' schedules, among other factors. This temporary restraining order shall therefore expire at the end of 28 days from the date of this order unless agreed by the parties or ordered by the Court.

This temporary restraining order is issued on the condition that a bond be filed by AT&T within five business days of the date of the order, in the sum of $5,000, and that T-Mobile shall recover from AT&T under that bond all costs and damages, if any, suffered by it in the event that AT&T does not prevail in this action.

SO ORDERED at 2:24 pm this 18th day of December, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**