**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| AT&T SERVICES, INC., and<br>AT&T MOBILITY LLC<br><br>            *Plaintiffs*,<br><br>v.<br><br>T-MOBILE US INC.,<br><br>            *Defendant*. | Case No. 3:25-cv-03279-S |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant T-Mobile US Inc. ("Defendant" or "T-Mobile") files this Answer and Affirmative Defenses to Plaintiffs AT&T Services, Inc. and AT&T Mobility LLC's ("Plaintiffs" or "AT&T") Complaint and Request for Injunctive Relief.

1.      T-Mobile denies the allegations in paragraph 1 and footnote 1, including that T-Mobile US, Inc. "do[es] business as 'T-Mobile USA, Inc.,'" and respectfully refers the Court to the document quoted in paragraph 1 and to T-Mobile's SEC filings for an accurate recitation of their contents.

2.      T-Mobile admits that AT&T is a telecommunications company that provides wireless service. T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 2, and on that basis denies them.

3.      T-Mobile admits that it is a telecommunications company that offers wireless services. T-Mobile denies the other allegations in paragraph 3.

4.      T-Mobile admits that AT&T sent it a letter dated November 24, 2025 and

respectfully refers the Court to that letter for an accurate recitation of its contents. T-Mobile denies the other allegations in paragraph 4.

5.        Paragraph 5 contains a description of AT&T's legal claims to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 5.

6.        T-Mobile admits that AT&T provides wireless service. T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 6, and on that basis denies them.

7.        T-Mobile denies that its actions "intruded" or "scraped" any AT&T "systems." T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 7 and on that basis denies them.

8.        T-Mobile admits the allegations in paragraph 8.

9.        Paragraph 9 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 9.

10.        Paragraph 10 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 10.

11.        Paragraph 11 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 11.

12.        Paragraph 12 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 12 except admits that it operates retail stores in the State of Texas and within the Northern District of Texas and respectfully refers the Court to the referenced sections of its website for an accurate recitation of their contents.

13.        Paragraph 13 sets forth legal conclusions to which no response is required. To the

extent a response is required, T-Mobile denies the allegations in paragraph 13 except admits that it maintains an office in Texas at 3560 Dallas Pkwy, Frisco, TX 75034.

14.     Paragraph 14 sets forth legal conclusions to which no response is required.  To the extent a response is required, T-Mobile denies the allegations in paragraph 14 except admits that it operates nationwide telecommunication networks and telecommunications network infrastructure, that it provides telecommunication services, and that it serves customers in Texas and in the Northern District of Texas.

15.     Paragraph 15 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 15.

16.     Paragraph 16 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 16.

17.     Paragraph 17 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 17 and footnote 2 except admits that it maintains a Texas registered agent, pays Texas franchise taxes, and has some physical presence in Texas. T-Mobile also admits that it serves Texas customers and that some of its employees are located in Texas and respectfully directs the Court to the webpages cited in footnote 2 for an accurate recitation of their contents.

18.     T-Mobile admits on information and belief the allegations in paragraph 18.

19.     Paragraph 19 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 19.

20.     T-Mobile admits that AT&T is a telecommunications company that provides wireless service. T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 20, and on that basis denies them.

21.    T-Mobile admits that customers can view their account data through AT&T's website. T-Mobile denies the other allegations in paragraph 21.

22.    T-Mobile admits that customers can download their bills from AT&T, and believes that customers should be able to freely share their plan information with competitors to obtain the best wireless plan, but denies that AT&T freely permits customers to do so. T-Mobile denies the other allegations in paragraph 22.

23.    T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 23, and on that basis denies them and respectfully refers the Court to AT&T's Terms of Use for an accurate recitation of their contents.

24.    T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 24, and on that basis denies them.

25.    T-Mobile admits that AT&T's Terms of Use are available on its website. T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that AT&T's Terms of Use are available on "each page" of the AT&T website, and on that basis denies it. T-Mobile denies the other allegations in paragraph 25, and, to the extent a response is required, footnote 3, and respectfully refers the Court to AT&T's Terms of Use for an accurate recitation of their contents.

26.    T-Mobile denies the allegations in paragraph 26 and respectfully refers the Court to the letter dated November 24, 2025 from AT&T to T-Mobile for an accurate recitation of its contents.

27.    T-Mobile denies the allegations in paragraph 27, and, to the extent a response is required, footnote 4, and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

28.    T-Mobile denies the allegations in paragraph 28 except admits that it made its "T-Life" mobile app available in early 2024, that it has been installed over 90 million times, and that the T-Life app can be used by customers who use T-Mobile or another carrier.

29.    T-Mobile denies the allegations in paragraph 29, and, to the extent a response is required, footnote 5, except admits that on November 20, 2025 it launched a beta version of a new tool, called "Easy Switch," in the T-Life app and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

30.    T-Mobile denies the allegations in paragraph 30, footnote 6, and, to the extent a response is required, footnote 7, and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

31.    T-Mobile denies the allegations in paragraph 31 except admits that it used the information provided by the customer through the Easy Switch tool to prepare competing offers for customers and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

32.    T-Mobile denies the allegations in paragraph 32.

33.    T-Mobile denies the allegations in paragraph 33 and, to the extent a response is required, footnote 8, and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

34.    T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 34, and on that basis denies them. T-Mobile denies the other allegations in paragraph 34.

35.    T-Mobile denies the allegations in paragraph 35.

36.    T-Mobile lacks sufficient information or knowledge to form a belief as to the truth

or falsity of the allegations in paragraph 36, and on that basis denies them.

37.    T-Mobile admits that AT&T sent it a letter dated November 24, 2025 and respectfully refers the Court to that letter for an accurate recitation of its contents. T-Mobile denies the other allegations in paragraph 37.

38.    T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 38, and on that basis denies them.

39.    T-Mobile denies the allegations in paragraph 39.

## COUNT I

### Computer Fraud and Abuse Act, 18 U.S.C. §§ 1030 *et seq.*

40.    T-Mobile incorporates its responses to the allegations in paragraphs 1 through 39.

41.    Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 41.

42.    T-Mobile denies the allegations in paragraph 42.

43.    T-Mobile denies the allegations in paragraph 43 and respectfully refers the Court to the referenced documents for an accurate recitation of their contents.

44.    T-Mobile denies the allegations in paragraph 44.

45.    T-Mobile denies the allegations in paragraph 45.

46.    T-Mobile denies the allegations in paragraph 46.

47.    T-Mobile denies the allegations in paragraph 47 and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

48.    Paragraph 48 contains a description of AT&T's legal claims and relief sought to which no response is required. To the extent a response is required, T-Mobile denies that AT&T is entitled to any relief.

## COUNT II

### Texas Computer Crimes – Tex. Civ. Practice and Remedies Code 143.001

49.     T-Mobile incorporates its responses to the allegations in paragraphs 1 through 48.

50.     Paragraph 50 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 50.

51.     T-Mobile denies the allegations in paragraph 51 and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

52.     T-Mobile denies the allegations in paragraph 52.

53.     T-Mobile denies the allegations in paragraph 53.

54.     T-Mobile denies the allegations in paragraph 54.

55.     T-Mobile denies the allegations in paragraph 55.

56.     T-Mobile denies the allegations in paragraph 56.

## COUNT III

### Violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA") – Cal. Penal Code § 502 *et seq.*

57.     T-Mobile incorporates its responses to the allegations in paragraphs 1 through 56.

58.     T-Mobile lacks sufficient information or knowledge to form a belief as to the location of AT&T's servers, and on that basis denies the allegation. Paragraph 58 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 58.

59.     T-Mobile respectfully refers the Court to the referenced statute for an accurate recitation of its contents.

60.     T-Mobile denies the allegations in paragraph 60.

61.     T-Mobile denies the allegations in paragraph 61.

62.     T-Mobile denies the allegations in paragraph 62 and respectfully refers the Court to the referenced documents for an accurate recitation of their contents.

63.     T-Mobile denies the allegations in paragraph 63.

64.     T-Mobile denies the allegations in paragraph 64.

65.     T-Mobile denies the allegations in paragraph 65.

66.     T-Mobile denies the allegations in paragraph 66.

## COUNT IV

### Violation of the Georgia Computer Systems Protections Act – O.C.G.A. § 16-9-93

67.     T-Mobile incorporates its responses to the allegations in paragraphs 1 through 66.

68.     T-Mobile denies having engaged in "scraping activities." T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 68, and on that basis denies them.

69.     T-Mobile respectfully refers the Court to the referenced statute for an accurate recitation of its contents.

70.     T-Mobile denies the allegations in paragraph 70.

71.     T-Mobile denies the allegations in paragraph 71.

72.     T-Mobile denies the allegations in paragraph 72.

73.     T-Mobile denies the allegations in paragraph 73.

## COUNT V

### Breach of Contract

74.     T-Mobile incorporates its responses to the allegations in paragraphs 1 through 73.

75.     Paragraph 75 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 75.

76.     Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 76.

77.     Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 77.

78.     T-Mobile denies the allegations in paragraph 78.

79.     T-Mobile denies the allegations in paragraph 79 except admits that AT&T's Terms of Use are publicly available.

80.     T-Mobile admits that AT&T sent it a letter dated November 24, 2025 and respectfully refers the Court to that letter for an accurate recitation of its contents. T-Mobile denies the other allegations in paragraph 80.

81.     T-Mobile denies the allegations in the first sentence of paragraph 81. The other allegations in paragraph 81 consist of characterizations of AT&T's Terms of Use, which T-Mobile denies, and T-Mobile respectfully refers the Court to AT&T's Terms of Use for an accurate recitation of their contents.

82.     T-Mobile denies the allegations in paragraph 82.

83.     T-Mobile denies the allegations in paragraph 83.

84.     T-Mobile denies the allegations in paragraph 84.

85.     T-Mobile denies the allegations in paragraph 85.

86.     T-Mobile denies the allegations in paragraph 86.

87.     T-Mobile denies the allegations in paragraph 87.

## COUNT VI

### Tortious Interference with Contract

88.     T-Mobile incorporates its responses to the allegations in paragraphs 1 through 87.

89.     Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 89.

90.     T-Mobile denies the allegations in paragraph 90.

91.     T-Mobile admits that AT&T sent it a letter dated November 24, 2025 and respectfully refers the Court to that letter for an accurate recitation of its contents. T-Mobile denies the other allegations in paragraph 91.

92.     T-Mobile denies the allegations in paragraph 92.

93.     T-Mobile denies the allegations in paragraph 93.

94.     T-Mobile denies the allegations in paragraph 94.

95.     T-Mobile denies the allegations in paragraph 95.

## COUNT VII

### Misappropriation

96.     T-Mobile incorporates its responses to the allegations in paragraphs 1 through 95.

97.     T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 97, and on that basis denies them.

98.     T-Mobile admits that customers can view their account data through AT&T's website. T-Mobile denies the other allegations in paragraph 98.

99.     T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first two sentences of paragraph 99, and on that basis denies them. T-Mobile denies the other allegations in paragraph 99.

100.     T-Mobile denies the allegations in paragraph 100.

101.     T-Mobile denies the allegations in paragraph 101.

## REQUEST FOR RELIEF

T-Mobile states that no response is required to AT&T's requests for relief. To the extent a response is required, T-Mobile states that AT&T is not entitled to any relief.

## JURY DEMAND

T-Mobile states that no response is required to AT&T's demand for a jury trial.

## DEFENSES

T-Mobile asserts the following defenses in response to the Complaint and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this action, including after discovery. The statement of any defenses in this Answer does not assume the burden of proof for any issue, fact, or element of a claim to which the applicable law places the burden of proof on a party other than T-Mobile.

## FIRST DEFENSE

To the extent that AT&T asserts that T-Mobile's conduct is prohibited under AT&T's Terms of Use, the Terms of Use are unenforceable and/or void as against public policy. To the extent that any claims rely on an alleged breach of AT&T's Terms of Use, AT&T has failed to state a claim.

## SECOND DEFENSE

With respect to AT&T's tortious interference with contract claim, T-Mobile's conduct is absolutely privileged, justified, or excused. T-Mobile has a right to compete with AT&T, and T-Mobile's conduct was in bona fide pursuit of its efforts to compete. T-Mobile developed Easy Switch in order to facilitate consumer choice and promote competition. Accordingly, T-Mobile's conduct cannot support a tortious interference with contract claim.

## THIRD DEFENSE

AT&T's claims against T-Mobile are barred, in whole or in part, because T-Mobile had legitimate justification for the conduct at issue. T-Mobile developed Easy Switch in order to facilitate consumer choice and promote competition. T-Mobile therefore had a legitimate justification for its conduct, barring AT&T's claims.

## FOURTH DEFENSE

AT&T's claims are barred, in whole or in part, by its failure to mitigate its damages, if any.

## FIFTH DEFENSE

AT&T is not entitled to any equitable relief, including injunctive relief, based on the doctrine of unclean hands.

## SIXTH DEFENSE

AT&T is not entitled to any equitable relief, including injunctive relief, because the requested relief is contrary to the public interest.

## RESERVATION OF RIGHTS

T-Mobile reserves the right to amend its responses above and to assert additional defenses, as established by the facts of the case obtained through discovery and/or continuing investigation.

Dated: January 22, 2026

Respectfully submitted,

By: /s/ *Hallie B. Levin*
Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Hallie.Levin@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6947
Ari.Holtzblatt@wilmerhale.com

Andrés Correa
Jared Eisenberg
LYNN PINKER HURST &
SCHWEGMANN LLP
2100 Ross Avenue, Ste. 2700
Dallas, TX 75201
Telephone: (214) 981-3800
Acorrea@lynnllp.com
Jeisenberg@lynnllp.com

*Counsel for Defendant T-Mobile US, Inc.*

13

## <u>CERTIFICATE OF SERVICE</u>

I certify that on January 22, 2026, a true and correct copy of the foregoing was properly served on counsel of record via electronic filing in accordance with the U.S. District Court, Northern District of Texas Procedures for Electronic Filing.

/s/ *Hallie B. Levin*
Hallie B. Levin