**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

|  |  |
|---|---|
| AT&T SERVICES, INC. and<br>AT&T MOBILITY LLC,<br><div align="right">*Plaintiffs*,</div><br>v.<br><br>T-MOBILE US, INC.,<br><br><div align="right">*Defendant*.</div> | Case No. 3:25-cv-03279-S |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendant T-Mobile US, Inc. ("Defendant" or "T-Mobile") files this Answer and Affirmative Defenses to Plaintiffs AT&T Services, Inc. and AT&T Mobility LLC's ("Plaintiffs" or "AT&T") First Amended Complaint and Request for Injunctive Relief.

1.      T-Mobile denies the allegations in paragraph 1 and footnotes 1 and 2, including that T-Mobile "appears to be doing business as T-Mobile USA, Inc." and respectfully refers the Court to T-Mobile's SEC filings and the document quoted in footnote 2 for an accurate recitation of their contents.

2.      T-Mobile denies the allegations in paragraph 2.

3.      T-Mobile denies the allegation in paragraph 3 and respectfully refers the Court to the Temporary Restraining Order issued on December 18, 2025 (ECF No. 33) for an accurate recitation of its contents.

4.      T-Mobile denies the allegations in paragraph 4.

5.      T-Mobile denies the allegations in paragraph 5 except admits that AT&T purports to file a First Amended Complaint.

6.      T-Mobile admits that AT&T provides wireless service. T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 6, and on that basis denies them.

7.      T-Mobile denies that its actions "intruded" or "scraped" any AT&T "systems." T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 7 and on that basis denies them.

8.      T-Mobile admits the allegations in paragraph 8.

9.      Paragraph 9 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 9.

10.      Paragraph 10 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 10.

11.      Paragraph 11 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 11.

12.      Paragraph 12 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile admits that it litigated AT&T's Motion for Temporary Restraining Order and Preliminary Injunction in front of this Court and stipulated to this Court's entry of its Preliminary Injunction Order (ECF No. 35).

13.      Paragraph 13 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 13 and respectfully refers the Court to the referenced sections of its website for an accurate recitation of their contents.

14.     Paragraph 14 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 14 except admits that it has physical storefronts and a corporate office in Texas.

15.     Paragraph 15 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 15 except admits that it operates nationwide telecommunication networks that reach customers in Texas and in the Northern District of Texas.

16.     Paragraph 16 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 16.

17.     Paragraph 17 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 17.

18.     Paragraph 18 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 18 and footnote 3 except admits that it maintains a Texas registered agent, pays Texas franchise taxes, and has some physical presence in Texas. T-Mobile also admits that it serves Texas customers and that some of its employees are located in Texas and respectfully refers the Court to the webpages cited in footnote 3 for an accurate recitation of their contents.

19.     T-Mobile admits on information and belief the allegations in paragraph 19.

20.     Paragraph 20 sets forth legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 20.

21.     T-Mobile admits that AT&T is a telecommunications company that provides wireless service. T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 21, and on that basis denies them.

22.     T-Mobile admits that customers can view their account data through AT&T's website. T-Mobile denies the other allegations in paragraph 22.

23.     T-Mobile admits that customers can download their bills from AT&T, and believes that customers should be able to freely share their plan information with competitors to obtain the best wireless plan, but denies that AT&T freely permits customers to do so. T-Mobile denies the other allegations in paragraph 23.

24.     T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 24, and on that basis denies them and respectfully refers the Court to AT&T's Terms of Use for an accurate recitation of their contents.

25.     T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 25, and on that basis denies them.

26.     T-Mobile admits that AT&T's Terms of Use are available on its website. T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that AT&T's Terms of Use are available on "each page" of the AT&T website, and on that basis denies it. T-Mobile denies the other allegations in paragraph 26, and, to the extent a response is required, footnote 4, and respectfully refers the Court to AT&T's Terms of Use for an accurate recitation of their contents.

27.     T-Mobile denies the allegations in paragraph 27 and respectfully refers the Court to the letter dated November 24, 2025 from AT&T to T-Mobile for an accurate recitation of its contents.

28.     T-Mobile denies the allegations in paragraph 28, and to the extent a response is required, footnote 5, and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

4

29.    T-Mobile denies the allegations in paragraph 29.

30.    T-Mobile denies the allegations in paragraph 30.

31.    T-Mobile denies the allegations in paragraph 31 except admits that it made its "T-Life" mobile app available in early 2024, that it has been installed over 90 million times, and that the T-Life app can be used by customers who use T-Mobile or another carrier.

32.    T-Mobile denies the allegations in paragraph 32, and, to the extent a response is required, footnote 6. T-Mobile respectfully refers the Court to the referenced document for an accurate recitation of its contents.

33.    T-Mobile denies the allegations in paragraph 33 and footnote 7, and, to the extent a response is required, footnote 8 and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

34.    T-Mobile denies the allegations in paragraph 34 except admits that it used the information provided by the customer through the Easy Switch tool to prepare competing offers for customers and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

35.    T-Mobile denies the allegations in paragraph 35.

36.    T-Mobile denies the allegations in paragraph 36.

37.    T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first sentence of paragraph 37, and on that basis denies them. T-Mobile denies the other allegations in paragraph 37.

38.    T-Mobile denies the allegations in paragraph 38.

39.    T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 39, and on that basis denies them.

40.     T-Mobile admits that AT&T sent it a letter dated November 24, 2025 and respectfully refers the Court to that letter for an accurate recitation of its contents. T-Mobile denies the other allegations in paragraph 40.

41.     T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 41, and on that basis denies them.

42.     T-Mobile denies the allegations in paragraph 42.

43.     T-Mobile denies the allegations in paragraph 43 except admits that AT&T filed its original Complaint on November 26, 2025 (ECF No. 1), AT&T moved for a temporary restraining order and a preliminary injunction on November 30, 2025 (ECF No. 7), the Court issued a Temporary Restraining Order on December 18, 2025 (ECF No. 33), and that, by a Joint Motion and Stipulation by the Parties, the Court entered a Preliminary Injunction Order on December 29, 2025 (ECF No. 35).

44.     T-Mobile denies the allegations in paragraph 44.

45.     T-Mobile denies the allegations in paragraph 45.

46.     T-Mobile denies the allegations in paragraph 46.

47.     T-Mobile denies the allegations in paragraph 47.

48.     T-Mobile denies the allegations in paragraph 48 and respectfully refers the Court to the referenced commercial for an accurate recitation of its contents.

49.     T-Mobile denies the allegations in paragraph 49 and respectfully refers the Court to the referenced commercial for an accurate recitation of its contents.

50.     T-Mobile denies the allegations in paragraph 50 and respectfully refers the Court to the referenced commercial for an accurate recitation of its contents.

51.     T-Mobile denies the allegations in paragraph 51.

52.     T-Mobile denies the allegations in paragraph 52.

53.     T-Mobile denies the allegations in paragraph 53.

54.     T-Mobile denies the allegations in paragraph 54 and footnote 9. T-Mobile respectfully refers the Court to the referenced document for an accurate recitation of its contents.

55.     T-Mobile denies the allegations in paragraph 55 and footnote 10. T-Mobile respectfully refers the Court to the referenced commercial for an accurate recitation of its contents.

56.     T-Mobile denies the allegations in paragraph 56 and footnote 11. T-Mobile respectfully refers the Court to the referenced commercial for an accurate recitation of its contents.

57.     T-Mobile denies the allegations in paragraph 57 and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

58.     T-Mobile denies the allegations in paragraph 58 and footnote 12. T-Mobile respectfully refers the Court to the referenced document for an accurate recitation of its contents.

59.     T-Mobile denies the allegations in paragraph 59.

60.     T-Mobile denies the allegations in paragraph 60.

61.     T-Mobile denies the allegations in paragraph 61.

62.     T-Mobile denies the allegations in paragraph 62.

63.     T-Mobile denies the allegations in paragraph 63.

64.     T-Mobile denies the allegations in paragraph 64 and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

65.     T-Mobile denies the allegations in paragraph 65.

66.     T-Mobile denies the allegations in paragraph 66.

67.     T-Mobile denies the allegations in paragraph 67.

68.     T-Mobile denies the allegations in paragraph 68.

## COUNT I

### Computer Fraud and Abuse Act - 18 U.S.C. §§ 1030 *et seq*

69.    T-Mobile incorporates its responses to the allegations in paragraphs 1 through 68.

70.    Paragraph 70 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 70.

71.    T-Mobile denies the allegations in paragraph 71.

72.    T-Mobile denies the allegations in paragraph 72 and respectfully refers the Court to the referenced documents for an accurate recitation of their contents.

73.    T-Mobile denies the allegations in paragraph 73.

74.    T-Mobile denies the allegations in paragraph 74.

75.    T-Mobile denies the allegations in paragraph 75.

76.    T-Mobile denies the allegations in paragraph 76 and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

77.    Paragraph 77 contains a description of AT&T's legal claims and relief sought to which no response is required. To the extent a response is required, T-Mobile denies that AT&T is entitled to any relief.

## COUNT II

### Texas Computer Crimes - Tex. Civ. Practice and Remedies Code 143.001

78.    T-Mobile incorporates its responses to the allegations in paragraphs 1 through 77.

79.    Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 79.

80.    T-Mobile denies the allegations in paragraph 80 and respectfully refers the Court to the referenced document for an accurate recitation of its contents.

81.    T-Mobile denies the allegations in paragraph 81.

82.    T-Mobile denies the allegations in paragraph 82.

83.    T-Mobile denies the allegations in paragraph 83.

84.    T-Mobile denies the allegations in paragraph 84.

85.    T-Mobile denies the allegations in paragraph 85.

## COUNT III

### Violation of the Comprehensive Computer Data Access and Fraud Act ("CDAFA") - Cal. Penal Code § 502 *et seq.*

86.    T-Mobile incorporates its responses to the allegations in paragraphs 1 through 85.

87.    T-Mobile lacks sufficient information or knowledge to form a belief as to the location of AT&T's servers, and on that basis denies the allegation. Paragraph 87 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 87.

88.    T-Mobile respectfully refers the Court to the referenced statute for an accurate recitation of its contents.

89.    T-Mobile denies the allegations in paragraph 89.

90.    T-Mobile denies the allegations in paragraph 90.

91.    T-Mobile denies the allegations in paragraph 91 and respectfully refers the Court to the referenced documents for an accurate recitation of their contents.

92.    T-Mobile denies the allegations in paragraph 92.

93.    T-Mobile denies the allegations in paragraph 93.

94.    T-Mobile denies the allegations in paragraph 94.

95.    T-Mobile denies the allegations in paragraph 95.

## COUNT IV

**Violation of the Georgia Computer Systems Protections Act - O.C.G.A. § 16-9-93**

96.    T-Mobile incorporates its responses to the allegations in paragraphs 1 through 95.

97.    T-Mobile denies having engaged in "scraping activities." T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the other allegations in paragraph 97, and on that basis denies them.

98.    T-Mobile respectfully refers the Court to the referenced statute for an accurate recitation of its contents.

99.    T-Mobile denies the allegations in paragraph 99.

100.    T-Mobile denies the allegations in paragraph 100.

101.    T-Mobile denies the allegations in paragraph 101.

102.    T-Mobile denies the allegations in paragraph 102.

## <u>COUNT V</u>

**Breach of Contract**

103.    T-Mobile incorporates its responses to the allegations in paragraphs 1 through 102.

104.    Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 105.

106.    Paragraph 106 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 106.

107.    T-Mobile denies the allegations in paragraph 107.

108.    T-Mobile denies the allegations in paragraph 108 except admits that AT&T's Terms of Use are publicly available.

109.    T-Mobile admits that AT&T sent it a letter dated November 24, 2025 and respectfully refers the Court to that letter for an accurate recitation of its contents. T-Mobile denies the other allegations in paragraph 109.

110.    T-Mobile denies the allegations in the first sentence of paragraph 110. The other allegations in paragraph 110 consist of characterizations of AT&T's Terms of Use, which T-Mobile denies, and T-Mobile respectfully refers the Court to AT&T's Terms of Use for an accurate recitation of their contents.

111.    T-Mobile denies the allegations in paragraph 111.

112.    T-Mobile denies the allegations in paragraph 112.

113.    T-Mobile denies the allegations in paragraph 113.

114.    T-Mobile denies the allegations in paragraph 114.

115.    T-Mobile denies the allegations in paragraph 115.

116.    T-Mobile denies the allegations in paragraph 116.

## COUNT VI

### Tortious Interference With Contract

117.    T-Mobile incorporates its responses to the allegations in paragraphs 1 through 116.

118.    Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, T-Mobile denies the allegations in paragraph 118.

119.    T-Mobile denies the allegations in paragraph 119.

120.     T-Mobile admits that AT&T sent it a letter dated November 24, 2025 and respectfully refers the Court to that letter for an accurate recitation of its contents. T-Mobile denies the other allegations in paragraph 120.

121.     T-Mobile denies the allegations in paragraph 121.

122.     T-Mobile denies the allegations in paragraph 122.

123.     T-Mobile denies the allegations in paragraph 123.

124.     T-Mobile denies the allegations in paragraph 124.

## COUNT VII

### Misappropriation

125.     T-Mobile incorporates its responses to the allegations in paragraphs 1 through 124.

126.     T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in paragraph 126, and on that basis denies them.

127.     T-Mobile admits that customers can view their account data through AT&T's website. T-Mobile denies the other allegations in paragraph 127.

128.     T-Mobile lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the first two sentences of paragraph 128, and on that basis denies them. T-Mobile denies the other allegations in paragraph 128.

129.     T-Mobile denies the allegations in paragraph 129.

130.     T-Mobile denies the allegations in paragraph 130.

## COUNT VIII

### False and Misleading Advertising in Violation of Section 43(a) of the Lanham Act
### 15 U.S.C. § 1125(a)

131.     T-Mobile incorporates its responses to the allegations in paragraphs 1 through 130.

132.    T-Mobile denies the allegations in paragraph 132 except admits that AT&T and T-Mobile each offer wireless telecommunications services to customers in the United States and are competitors.

133.    T-Mobile denies the allegations in paragraph 133.

134.    T-Mobile denies the allegations in paragraph 134.

135.    T-Mobile denies the allegations in paragraph 135.

136.    T-Mobile denies the allegations in paragraph 136.

137.    T-Mobile denies the allegations in paragraph 137.

138.    T-Mobile denies the allegations in paragraph 138.

139.    T-Mobile denies the allegations in paragraph 139.

140.    T-Mobile denies the allegations in paragraph 140.

141.    T-Mobile denies the allegations in Paragraph 141.

## COUNT IX

### Unfair Competition

142.    T-Mobile incorporates its responses to the allegations in paragraphs 1 through 141.

143.    T-Mobile denies the allegations in paragraph 143.

144.    T-Mobile denies the allegations in paragraph 144.

145.    T-Mobile denies the allegations in paragraph 145, except lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations in the second sentence of paragraph 145.

146.    T-Mobile denies the allegations in paragraph 146.

147.    T-Mobile denies the allegations in paragraph 147.

## REQUEST FOR RELIEF

T-Mobile states that no response is required to AT&T's requests for relief. To the extent a response is required, T-Mobile states that AT&T is not entitled to any relief.

## JURY DEMAND

T-Mobile states that no response is required to AT&T's demand for a jury trial.

## DEFENSES

T-Mobile asserts the following defenses in response to the Complaint and reserves the right to assert other defenses or claims when and if they become appropriate and/or available in this action, including after discovery. The statement of any defenses in this Answer does not assume the burden of proof for any issue, fact, or element of a claim to which the applicable law places the burden of proof on a party other than T-Mobile.

## FIRST DEFENSE

To the extent that AT&T asserts that T-Mobile's conduct is prohibited under AT&T's Terms of Use, the Terms of Use are unenforceable and/or void as against public policy. To the extent that any claims rely on an alleged breach of AT&T's Terms of Use, AT&T has failed to state a claim.

## SECOND DEFENSE

With respect to AT&T's tortious interference with contract claim, T-Mobile's conduct is absolutely privileged, justified, or excused. T-Mobile has a right to compete with AT&T, and T-Mobile's conduct was in bona fide pursuit of its efforts to compete. T-Mobile developed Easy Switch in order to facilitate consumer choice and promote competition. Accordingly, T-Mobile's conduct cannot support a tortious interference with contract claim.

## THIRD DEFENSE

AT&T's claims against T-Mobile are barred, in whole or in part, because T-Mobile had

14

legitimate justification for the conduct at issue. T-Mobile developed Easy Switch in order to facilitate consumer choice and promote competition. T-Mobile therefore had a legitimate justification for its conduct, barring AT&T's claims.

## FOURTH DEFENSE

AT&T's claims are barred, in whole or in part, because it has not incurred any damages.

## FIFTH DEFENSE

AT&T's claims are barred, in whole or in part, because to the extent it has suffered any damages, it failed to mitigate those damages.

## SIXTH DEFENSE

AT&T's claims are barred, in whole or in part, because relief to Plaintiffs would result in unjust enrichment to Plaintiffs.

## SEVENTH DEFENSE

AT&T is not entitled to any equitable relief, including injunctive relief, based on the doctrine of unclean hands.

## EIGHTH DEFENSE

AT&T is not entitled to any equitable relief, including injunctive relief, because the requested relief is contrary to the public interest.

## RESERVATION OF RIGHTS

T-Mobile reserves the right to amend its responses above and to assert additional defenses, as established by the facts of the case obtained through discovery and/or continuing investigation.

Dated: March 16, 2026

Respectfully submitted,

By: /s/ *Hallie B. Levin*
Hallie B. Levin (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Hallie.Levin@wilmerhale.com

Ari Holtzblatt (*pro hac vice*)
WILMER CUTLER PICKERING HALE
AND DORR LLP
2100 Pennsylvania Ave., NW
Washington, DC 20006
Telephone: (202) 663-6947
Ari.Holtzblatt@wilmerhale.com

Andrés Correa
Jared Eisenberg
LYNN PINKER HURST &
SCHWEGMANN LLP
2100 Ross Avenue, Ste. 2700
Dallas, TX 75201
Telephone: (214) 981-3800
Acorrea@lynnllp.com
Jeisenberg@lynnllp.com

*Counsel for Defendant T-Mobile US, Inc.*

16

## CERTIFICATE OF SERVICE

I certify that on March 16, 2026, a true and correct copy of the foregoing was properly served on counsel of record via electronic filing in accordance with the U.S. District Court, Northern District of Texas Procedures for Electronic Filing.

/s/ *Hallie B. Levin*
Hallie B. Levin