**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| AT&T SERVICES, INC., and<br>AT&T MOBILITY LLC,<br><br>Plaintiffs,<br><br>v.<br><br>T-MOBILE US INC.,<br><br>Defendant. | Case No. 3:25-cv-03279-S<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' AT&T SERVICES, INC. AND AT&T MOBILITY LLC'S ANSWER TO DEFENDANT'S COUNTERCLAIMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

Counterclaim Defendants AT&T Services, Inc. and AT&T Mobility LLC (collectively, "AT&T"), by and through their undersigned counsel, hereby answer T-Mobile US, Inc.'s ("T-Mobile") Counterclaims as follows.

AT&T denies all allegations in the Counterclaims (including headings and captions) not specifically admitted in this Answer and specifically incorporates this denial into each response below.

## INTRODUCTION

167. Paragraph 167 is an introductory statement identifying T-Mobile's purported pleading, and to which no response is required. To the extent a response is required, AT&T denies all allegations in paragraph 167.

## NATURE OF THE COUNTERCLAIMS

168. Paragraph 168 contains improper conditional pleading and legal conclusions, to which no response is required. To the extent a response is required, AT&T denies all allegations in paragraph 168.

## THE PARTIES

169. AT&T admits the allegation in paragraph 169.

170. AT&T admits the allegations in paragraph 170.

171. AT&T admits the allegations in paragraph 171.

## JURISDICTION AND VENUE

172. AT&T admits that the Counterclaims purport to state causes of action under the Lanham Act and Texas common law. AT&T further admits that this Court has subject-matter jurisdiction over these claims pursuant to 18 U.S.C. §§ 1836 and 1367(a). AT&T further admits that it does not contest personal jurisdiction in this District for the purpose of this action. AT&T further admits that it does not contest venue in this District for the purpose of this action. Except as expressly admitted, AT&T denies all remaining allegations in Paragraph 172.

173. AT&T admits the allegations in paragraph 173.

174. AT&T admits that it maintains a presence in Texas and in this District, including through physical retail locations and telecommunications networks. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 174.

175. AT&T does not contest venue in this District for the purpose of this action. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 175.

## FACTUAL BACKGROUND

176. AT&T admits that T-Mobile is a wireless carrier and a competitor. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 176.

177. AT&T admits that its Second Amended Complaint alleges T-Mobile deceived consumers by engaging in a pattern and practice of false and misleading advertising. AT&T further admits that paragraph 177 purports to describe the allegations in AT&T's Second Amended Complaint, but those allegations speak for themselves. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 177.

### I. AT&T's Own Advertising Employs the Same Types of Claims it Challenges Here

178. AT&T denies all allegations in paragraph 178.

179. AT&T denies all allegations in paragraph 179 and respectfully refers the Court to AT&T's Second Amended Complaint for an accurate recitation of its contents.

180. AT&T denies all allegations in paragraph 180 and respectfully refers the Court to AT&T's Second Amended Complaint for an accurate recitation of its contents.

### II. AT&T's Self-Referential Savings Claims and Comparative Benefits Claims

181. AT&T admits that the language quoted in the second and fourth sentences of paragraph 181 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 181.

***"Deals Worth Switching For"***

182. AT&T admits that it maintains a "switch and save" website that contains the words "Deals worth switching for" and that the image included in paragraph 182 purports to be a screen capture from that website, https://www.att.com/wireless/switch-and-save/. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 182.

183. AT&T admits that language quoted in the first sentence of paragraph 183 reflects the language from AT&T's website, https://www.att.com/wireless/switch-and-save/. AT&T further admits that the language quoted in the last sentence of paragraph 183 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 183.

184. AT&T admits that language quoted in the first sentence of paragraph 184 reflects the language from AT&T's website, https://www.att.com/wireless/switch-and-save/. AT&T further admits that the language quoted in the last sentence of paragraph 184 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 184.

185. AT&T admits that language quoted in the first sentence of paragraph 185 reflects the language from AT&T's website, https://www.att.com/wireless/switch-and-save. AT&T further admits that the language quoted in the last sentence of paragraph 185 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 185.

186. AT&T admits that the language quoted in paragraph 186 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 186.

***Comparative Benefit Claims***

187. AT&T admits that it maintains a "switch and save" website, and that the image included in paragraph 187 purports to be a screen capture of a chart titled "See how we stack up against the competition" displayed on that website, https://www.att.com/wireless/switch-and-save/. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 187.

188. AT&T admits that the language quoted in the second-to-last sentence in paragraph 188 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 188.

189. AT&T admits that the language quoted in paragraph 189 reflects the language displayed on AT&T's website, https://www.att.com/why-att/guarantee/. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 189.

190. AT&T admits that the language quoted in the second sentence of paragraph 190 reflects the language included in a decision from the National Advertising Division. AT&T further admits that the language quoted in the last sentence in paragraph 190 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 190.

191. AT&T admits that it offers AT&T Turbo as an add-on feature to consumers' wireless plans. AT&T further admits that the language quoted in paragraph 191 reflects the language displayed on AT&T's website, https://www/att/com/wireless/switch-and-save/. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 191.

192. AT&T admits that language quoted in the second and third sentences in paragraph 192 reflects the language on AT&T's website, https://www/att/com/plans/att-turbo. AT&T further admits that the language quoted in the last sentence in paragraph 192 reflects the language in AT&T's Second

Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 192.

193. AT&T denies all allegations in paragraph 193.

194. AT&T denies all allegations in paragraph 194.

195. AT&T admits that language quoted in paragraph 195 reflects the language on AT&T's website, https://www.att.com/wireless/switch-and-save/. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 195.

***"First to launch their best deals"***

196. AT&T admits that the language quoted in paragraph 196 reflects the language displayed on a prior version of AT&T's website. AT&T further admits that the image included in paragraph 196 purports to be a screen capture from the outdated website. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 196.

197. AT&T denies all allegations in paragraph 197.

**AT&T Television Commercials and Other Materials Use Techniques AT&T Contends Are Misleading When Deployed by T-Mobile*AT&T Guarantee* (sic)**

198. AT&T denies all allegations in paragraph 198.

199. AT&T denies all allegations in paragraph 199.

200. AT&T admits that the language quoted in the first two sentences of paragraph 200 reflects the language included in an AT&T commercial featuring NBA player Blake Griffin. AT&T further admits that the language quoted in the last two sentences in paragraph 200 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 200.

201. AT&T admits that the language quoted in the second, third, and fifth sentences of paragraph 201 reflects the language included in an AT&T commercial featuring a businesswoman speaking on the phone with an individual at a college football game. AT&T further admits that the

language quoted in the sixth and seventh sentences in paragraph 201 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 201.

202. AT&T admits that it has aired a commercial featuring a series of passengers in a rideshare car. AT&T further admits that the language quoted in the third, fourth, and fifth sentences of paragraph 202 reflects the language included in that AT&T commercial. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 202.

***AT&T OneConnect "Fast and Simple" Claim***

203. AT&T admits that the language quoted in the second sentence of paragraph 203 reflects the language included in an AT&T press release from March 31, 2026. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 203.

***Satellite Connectivity***

204. AT&T admits that it has not in the past and does not presently offer a service for satellite connectivity for voice calling. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 204.

205. AT&T admits that the language quoted in paragraph 205 reflects the language in AT&T's Second Amended Complaint. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 205.

206. AT&T admits that it has aired a commercial featuring Ben Stiller playing golf in various locations. AT&T further admits the image included in paragraph 206 purports to be a screen capture from that AT&T commercial. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 206.

207. AT&T admits that it has not in the past and does not presently offer a service for satellite connectivity for voice calling. AT&T further admits that the image included in paragraph 207 purports to

be a screen capture from an AT&T commercial featuring Ben Stiller playing golf. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 207.

208. AT&T admits that the NAD reviewed AT&T's commercial featuring Ben Stiller playing golf, and that upon the conclusion of the NAD's review, the NAD recommended that AT&T discontinue or modify the claim. AT&T further admits that AT&T appealed the NAD's decision to the National Advertising Review Board ("NARB"), and that upon the conclusion of the NARB's review, the NARB recommended that AT&T discontinue or modify the claim. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 208.

209. AT&T admits that it alleges that T-Mobile has a pattern and practice of engaging in false and misleading advertising, including by refusing to respond to at least one challenge brought by AT&T before the NAD. AT&T further admits that the language quoted in the sixth sentence of paragraph 209 reflects the language included in an AT&T commercial featuring individuals making calls from various locations including a horse pasture, a canyon, and a boat. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 209.

210. AT&T admits that the NARB reviewed the AT&T commercial referenced in paragraph 209. AT&T further admits that the language quoted in the second sentence of paragraph 210 reflects the language from the NARB's decision. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 210.

211. AT&T admits that it does not presently offer a service for satellite connectivity for voice calling.

## COUNT I

## (IN THE ALTERNATIVE TO T-MOBILE'S DENIALS AND DEFENSES)

### False and Misleading Advertising in Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

212. AT&T incorporates its responses to the allegations in paragraphs 167 through 211 as if fully restated herein.

213. AT&T admits that T-Mobile and AT&T each offer wireless telecommunications services in interstate commerce. AT&T further admits that AT&T and T-Mobile offer some competing services. Except as expressly admitted, AT&T denies all remaining allegations in paragraph 213.

214. AT&T denies all allegations in paragraph 214.

215. AT&T denies all allegations in paragraph 215.

216. AT&T denies all allegations in paragraph 216.

217. AT&T denies all allegations in paragraph 217.

218. AT&T denies all allegations in paragraph 218.

219. AT&T denies all allegations in paragraph 219.

220. AT&T denies all allegations in paragraph 220.

221. AT&T denies all allegations in paragraph 221.

222. AT&T denies all allegations in paragraph 222.

223. AT&T denies all allegations in paragraph 223.

224. AT&T denies all allegations in paragraph 224.

225. AT&T denies all allegations in paragraph 225.

226. AT&T denies all allegations in paragraph 226.

227. AT&T denies all allegations in paragraph 227.

228. AT&T denies all allegations in paragraph 228.

229. AT&T denies all allegations in paragraph 229.

## COUNT II

## (IN THE ALTERNATIVE TO T-MOBILE'S DENIALS AND DEFENSES)

### Unfair Competition

230. AT&T incorporates its responses to the allegations in paragraphs 167 through 229.

231. AT&T denies all allegations in paragraph 231.

232. AT&T denies all allegations in paragraph 232.

233. AT&T denies all allegations in paragraph 233.

234. AT&T denies all allegations in paragraph 234.

235. AT&T denies all allegations in paragraph 235.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by T-Mobile to which no response is required. AT&T denies that T-Mobile is entitled to any of the relief requested therein and denies all remaining allegations.

## AFFIRMATIVE DEFENSES

AT&T asserts the following defenses in response to T-Mobile's Counterclaims and reserves the right to assert other defenses or claims when and if they become appropriate and/or available, including after discovery. The statement of any defenses herein does not assume the burden of proof for any issue, fact, or element of a claim as to which the applicable law places the burden of proof on a party other than AT&T.

## FIRST DEFENSE

T-Mobile's Counterclaims fail to state a claim upon which relief can be granted.

## SECOND DEFENSE

T-Mobile's Counterclaims are barred, in whole or in part, because they are improperly pleaded as conditional or alternative claims.

## THIRD DEFENSE

T-Mobile's Counterclaims are barred, in whole or in part, because T-Mobile has not suffered any cognizable injury or damages as a result of any of AT&T's alleged conduct.

## FOURTH DEFENSE

To the extent T-Mobile has sustained damages, which AT&T expressly denies, T-Mobile has contributed in a direct and proximate manner to such damages by failing to act reasonably and prudently to mitigate those damages. T-Mobile's damages, if any, must be reduced by the extent to which those damages are proximately caused by T-Mobile's failure to mitigate such damages.

## FIFTH DEFENSE

T-Mobile's Counterclaims are barred, in whole or in part, by the doctrines of unclean hands, waiver, and/or inequitable or wrongful conduct.

## SIXTH DEFENSE

T-Mobile is not entitled to any equitable relief because T-Mobile has an adequate remedy at law, because the requested relief is contrary to the public interest, and because T-Mobile has not demonstrated irreparable harm.

## SEVENTH DEFENSE

T-Mobile's Counterclaims are barred, in whole or in part, by the doctrine of laches.

## RESERVATION OF RIGHTS

AT&T reserves the right to amend its responses above and to assert additional defenses, as established by the facts of the case obtained through discovery and/or continuing investigation.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Defendants AT&T Services, Inc. and AT&T Mobility LLC respectfully request the following:

1. That T-Mobile's Counterclaims, and each and every claim for relief alleged therein, be dismissed with prejudice;
2. That T-Mobile take nothing from AT&T by way of its Counterclaims;
3. That the Court find that T-Mobile initiated and maintained its Counterclaims in bad faith;
4. That AT&T be awarded its attorneys' fees and the costs of this action, to the fullest extent permitted by law; and
5. That the Court order and award such other and further relief for AT&T as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, AT&T demands a jury trial on all issues and claims so triable.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Timothy S. Durst*

TIMOTHY S. DURST (TX #00786924)
tdurst@omm.com
SID MODY (TX #24072791)
smody@omm.com
**O'MELVENY & MYERS LLP**
2801 North Harwood Street, Suite 1600
Dallas, TX 75201-2692
Telephone: 972-360-1900
Facsimile: 972-360-1901

RANDALL W. EDWARDS (*pro hac vice*)
redwards@omm.com
MARK LIANG (*pro hac vice*)
mliang@omm.com
**O'MELVENY & MYERS LLP**
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8700
Facsimile: 415-984-8701

REEMA SHAH (*pro hac vice*)
rshah@omm.com
**O'MELVENY & MYERS LLP**
1301 Avenue of the Americas 17th Floor
New York, NY 10019-6022
Telephone: 212-326-2000
Facsimile: 212-326-2001

***Attorneys for Plaintiffs AT&T SERVICES, INC. and AT&T MOBILITY LLC***

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the above and foregoing document was served on counsel for Defendant T-Mobile US, Inc. via electronic delivery on October 9, 2026.

*/s/ Timothy S. Durst*